UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA MAISANO, et al.,

    Plaintiffs,

vs.

Civil Action No. 12-CV-15086
HON. MARK A. GOLDSMITH

THE COCO-COLA COMPANY, et al.,

    Defendants.
_____/

## ORDER REQUIRING SECOND AMENDED COMPLAINT

    This matter is before the Court on the Court's own review of the amended complaint (Dkt. 7), which was filed on November 28, 2012. The sole purported basis for jurisdiction is diversity of citizenship. Under the diversity statute, 28 U.S.C. § 1332, there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant, Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996), and it is the Court's responsibility to ensure that it possesses jurisdiction over the subject matter of every case before it. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999).

    The amended complaint does not properly allege the citizenships of the parties. The amended complaint alleges that Plaintiffs are "residents" of Michigan, Am. Compl. ¶ 2; that Defendant The Coca-Cola Company "is a foreign profit corporation with its jurisdiction of origin in the State of Delaware," id. ¶ 3; that Defendant Pepsico, Inc., "is a foreign profit corporation with its jurisdiction of origin in the State of North Carolina," id. ¶ 4; and that Defendant Wal-Mart Stores, Inc., "is a foreign profit corporation with its jurisdiction of origin in the State of Delaware." Id. ¶ 5.

In order to establish citizenship for the purposes of diversity jurisdiction, it is not sufficient to allege the state of residence of an individual. <u>Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.</u>, 47 F. App'x 726, 728 (6th Cir. Sept. 18, 2002). Instead, the complaint must show that the state in question is the domicile of the individual. <u>Id.</u> Furthermore, under the diversity statute, a corporation "is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[A] plaintiff attempting to invoke diversity jurisdiction when suing a corporation must allege both the corporation's state of incorporation and its principal place of business." <u>Vaughn v. Holiday Inn Cleveland Coliseum</u>, 56 F. App'x 249, 250 (6th Cir. Feb. 14, 2003).

The amended complaint does not allege the state in which Plaintiffs are domiciled. Nor does it allege the principal place of business or the state of incorporation for any of the Defendants; alleging the "jurisdiction of origin" for each corporate Defendant does not suffice. On or before December 13, 2012, Plaintiffs shall file a second amended complaint that properly alleges the citizenship of each party. If Plaintiffs do not timely comply with this order, the Court will dismiss the case for lack of subject matter jurisdiction.[1]

SO ORDERED.

Dated:  December 3, 2012                s/Mark A. Goldsmith
       Flint, Michigan                 MARK A. GOLDSMITH
                                        United States District Judge

---

[1] Plaintiffs' original complaint (Dkt. 1) was also deficient in that it failed to properly allege the basis for federal court jurisdiction. The Court issued an order (Dkt. 5) requiring Plaintiffs to file an amended complaint. The order required Plaintiffs to state the basis for federal court jurisdiction and expressly noted that "if the basis for jurisdiction is diversity of citizenship, Plaintiff must properly allege the citizenship of each party." This will be Plaintiffs' last opportunity to cure the noted deficiencies.

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 3, 2012.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager